IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN ALLAN SHAWLEY, | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Civil Action No. 09-883 |
| | ) | |
| PENNSYLVANIA DEPARTMENT OF | ) | Judge Nora Barry Fischer/ |
| CORRECTIONS; JEFFREY BEARD, | ) | Chief Magistrate Judge Amy Reynolds Hay |
| Secretary of PA Dept. Of Corrections; | ) | |
| JAMES BARNACLE (Director-Opr) PA. | ) | |
| Dept. Of Corrections; SHIRLEY SMEAL, | ) | |
| (Deputy Secretary) PA. Dept. of | ) | |
| Corrections; MARK GARMAN (Staff | ) | |
| Assistant to Shirley Smeal); DAVID | ) | |
| FARNEY, Office of Chief Counsel; JOHN | ) | |
| PALOKOVICH (Facility Manager); DEP. | ) | |
| SUPERINTENDENT SOUTHERS | ) | |
| (Deputy Superintendant - SCI Camp Hill); | ) | |
| RENE ZOBOTNIE (Unit Manager SCI - | ) | |
| Camp Hill); BRIAN COLEMAN (Facility | ) | |
| Manager) SCI - Fayette; UNIT MGR. | ) | |
| STEVEN GATES (Deputy Superintendant) | ) | |
| SCI - Fayette; ERIC ARMEL (Deputy | ) | |
| Superintendent) SCI - Fayette; SHERWOOD | ) | |
| HUGHES (Unit Manager) SCI - Fayette; | ) | |
| DARLENE UNDERWOOD (Mail Room | ) | |
| Supervisor) SCI - Fayette; P.A. MYER | ) | |
| Physicians Assistant) SCI - Fayette; MR. | ) | |
| TRETNICK (Corrections Healthcare | ) | |
| Administrator) SCI - Fayette; MICHAEL | ) | |
| ZAKEN (Major of Corrections) SCI - | ) | |
| Fayette; SCOTT NICKELSON (Acting | ) | |
| Deputy Superintendent) SCI - Fayette; | ) | |
| COUNSELER LINK (Counseler) SCI - | ) | |
| Fayette; CAPTAIN FONTS (Corrections | ) | |
| Officer) SCI - Fayette; CAPTAIN LEGGET | ) | |
| (Corrections Officer 4) SCI - Fayette; | ) | |
| LIEUTENANT CARBERRY (Corrections | ) | |
| Officer 3) SCI - Fayette; LIEUTENANT | ) | |
| JOHNSON (Corrections Officer 3) SCI - | ) | |
| Fayette; LIEUTENANT BLAKE | ) | |

| | |
|---|---|
| (Corrections Officer 3) SCI - Fayette; LIEUTENANT ROSS (Corrections Officer 3) SCI - Fayette; LIEUTENANT VOJACEK (Corrections Officer 3) SCI - Fayette; LIEUTENANT BERRIER (Corrections Officer 3) SCI - Fayette; LIEUTENANT HOOPER (Corrections Officer 3) SCI - Fayette; LIEUTENANT RAMOWITZ (Corrections Officer 3) SCI - Fayette; C.O. WHITE (Corrections Officer 1) SCI - Fayette; C.O. KNEPP (Corrections Officer 1) SCI - Fayette; C.O. MILLER (Corrections Officer 1) SCI - Fayette; C.O. ALBRIGHT (Corrections Officer 1) SCI - Fayette; C.O. WILLIAMS (Corrections Officer 1) SCI - Fayette,  Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.   Recommendation

It is respectfully recommended that the Plaintiff's application for leave to proceed in forma pauperis (Dkt. [1]) be denied.

II.   Report

Steven Allan Shawley ("Plaintiff"), is currently incarcerated at SCI-Fayette, which is located within the territorial limits of the United States District Court for the Western District of Pennsylvania.  Plaintiff has been assigned Inmate Number HV-0077 by the Pennsylvania Department of Corrections ("DOC").[1]  It appears that Plaintiff has been continuously

---

[1] Plaintiff is also known as "Steven Alan Shawley" and/or "Steven Allan Shawley" and/or "John Williams" and/or as "Jonathon Williams." See the Department of Corrections ("DOC") website listing Plaintiff's aliases:

http://www.cor.state.pa.us/inmatelocatorweb/

2

incarcerated in the DOC since the time Plaintiff filed the in forma pauperis ("IFP") application initiating the instant suit. In Plaintiff's civil rights complaint, he sues many Department of Corrections' employees/officials who are located at DOC headquarters, at SCI-Camp Hill (where he was incarcerated prior to SCI-Fayette) and at SCI-Fayette. The proposed complaint is not a model of clarity. However, it appears that the gravamen of the proposed complaint is Plaintiff's contention that his legal papers have been denied him and he has been placed in administrative custody and/or segregated housing units and/or special management units as retaliation for his litigation and grievance activities. He also asserts that for 13 days after February 10, 2009, he was denied medication for a skin condition as well as medication such as Metamucil to treat his constipation, although he concedes he was given cortisone cream to treat his skin condition. Dkt. [1-3] at 16 to 17 , ¶¶ 70 -71.

He signed his application to proceed IFP and his civil rights complaint on July 2, 2009. Dkt. [1-2]; [1-3] at 26. The Court notes that recently Plaintiff filed an almost identical suit to the present one that is subject to the same recommendation, i.e., deny the IFP motion. See Shawley v. Pa.DOC, No. 09-788 (W.D.Pa.).

Because Plaintiff has acquired at least three strikes, Plaintiff's IFP motion must be denied.

It is a Plaintiff's burden to prove entitlement to IFP status. See White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996); New Assessment Program v. PNC Corp., NO. CIV.A. 95-6059, 1995 WL 592588, at *1 (E.D. Pa. Oct. 3, 1995); In re Lassina, 261 B.R. 614, 618 (E.D. Pa. 2001)("The applicant bears the burden of proving her entitlement to IFP relief by a preponderance of the evidence.").

3

The Court takes judicial notice of court records and dockets of the federal courts located in the Commonwealth of Pennsylvania as well as those of the Court of Appeals for the Third Circuit.  DiNicola v. DiPaolo, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996) (court is entitled to take judicial notice of public records).  The computerized dockets of those courts reveal that Plaintiff has filed at least 22 cases in the federal district courts located within Pennsylvania under the names of "Steven Allan Shawley", "Steven Allen Shawley" and/or "Allan Shawley" and at least 26 actions in the Court of Appeals under the name of "Steven Allan Shawley."  As a result of his litigiousness, Plaintiff has accumulated at least "three strikes" within the contemplation of 28 U.S.C. § 1915(g)[2] which provides in relevant part that

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff is a "prisoner" within the meaning of 28 U.S.C. § 1915(g).[3]

The Court quotes from the Third Circuit Court's order in Shawley v. Pa. Department of Corrections, No. 06-4979 (3d Cir. Filed May 17, 2007), wherein the Court held as follows: "Appellant 'has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that

---

[2] Abdul-Akbar v. McKelvie, 239 F.3d 307, 310 (3d Cir. 2001)(noting that 28 U.S.C. § 1915(g) is "popularly known as the 'three strikes' rule"), cert. denied, 533 U.S. 953 (2001).

[3] The term prisoner as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h)

it is frivolous, malicious, or fails to state a claim upon which relief may be granted.' 28 U.S.C. Section 1915(g).  *See, e.g. Shawley v. Horn*, C.A. No. 97-7344; *Shawley v. Kerstetter*, C.A. No. 97-7078; *Shawley v. Beard*, C.A. No. 97-7607" and denying Plaintiff leave to proceed IFP.  Nor has Plaintiff alleged anything in the complaint that would merit the grant of IFP even in those cases of prisoners who have three strikes.  The complaints about medical care, even if assumed to be sufficient to come within the ambit of the "serious physical injury" requirement, simply fail to come within the ambit of "imminent danger" of such when Plaintiff waited more than four months in which to make the claim before this Court.

Because Plaintiff herein has failed to allege anything that would permit him to proceed IFP, the IFP motion should be denied.  If the District Court adopts this recommendation, Plaintiff, of course, may thereafter pay the entire filing fee of $350.00 and have the complaint filed.  Failure to do so should result in the dismissal of the case for Plaintiff's failing to prosecute.

III.     Conclusion

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation.  Failure to timely file objections may constitute waiver of any appellate rights. In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation and the Court's Order on Motions Practice.  Failure to timely file objections may constitute waiver of any appellate rights.

        Respectfully submitted,

        /s/ *Amy Reynolds Hay*
        Chief United States Magistrate Judge

Dated: 29 July, 2009

cc:    The Honorable Nora Barry Fischer
       United States District Judge

       Steven Allan Shawley
       HV-0077
       SCI Fayette
       Box 9999
       LaBelle, PA 15450-0999