IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN ALLAN SHAWLEY,<br>        Plaintiff | )<br>)<br>) |
| vs. | ) Civil Action No. 09-883<br>) |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS; JEFFREY BEARD, Secretary of PA Dept. Of Corrections; JAMES BARNACLE (Director-Opr) PA. Dept. Of Corrections; SHIRLEY SMEAL, (Deputy Secretary) PA. Dept. of Corrections; MARK GARMAN (Staff Assistant to Shirley Smeal); DAVID FARNEY, Office of Chief Counsel; JOHN PALOKOVICH (Facility Manager); DEP. SUPERINTENDENT SOUTHERS (Deputy Superintendent - SCI Camp Hill); RENE ZOBOTNIE (Unit Manager SCI - Camp Hill); BRIAN COLEMAN (Facility Manager) SCI - Fayette; UNIT MGR. STEVEN GATES (Deputy Superintendent) SCI - Fayette; ERIC ARMEL (Deputy Superintendent) SCI - Fayette; SHERWOOD HUGHES (Unit Manager) SCI - Fayette; DARLENE UNDERWOOD (Mail Room Supervisor) SCI - Fayette; P.A. MYER Physicians Assistant) SCI - Fayette; MR. TRETNICK (Corrections Healthcare Administrator) SCI - Fayette; MICHAEL ZAKEN (Major of Corrections) SCI - Fayette; SCOTT NICKELSON (Acting Deputy Superintendent) SCI - Fayette; COUNSELOR LINK (Counselor) SCI - Fayette; CAPTAIN FONTS (Corrections Officer) SCI - Fayette; CAPTAIN LEGGET (Corrections Officer 4) SCI - Fayette; LIEUTENANT CARBERRY (Corrections Officer 3) SCI - Fayette; LIEUTENANT JOHNSON (Corrections Officer 3) SCI - Fayette; LIEUTENANT BLAKE (Corrections Officer 3) SCI - Fayette; | ) Judge Nora Barry Fischer/<br>) Chief U.S. Magistrate Judge Amy Reynolds Hay<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

```
LIEUTENANT ROSS (Corrections Officer   )
3) SCI - Fayette; LIEUTENANT VOJACEK)
(Corrections Officer 3) SCI - Fayette;   )
LIEUTENANT BERRIER (Corrections        )
Officer 3) SCI - Fayette; LIEUTENANT   )
HOOPER (Corrections Officer 3) SCI -   )
Fayette; LIEUTENANT RAMOWITZ          )
(Corrections Officer 3) SCI - Fayette; C.O. )
WHITE (Corrections Officer 1) SCI -    )
Fayette; C.O. KNEPP (Corrections Officer )
1) SCI - Fayette; C.O. MILLER          )
(Corrections Officer 1) SCI - Fayette; C.O. )
ALBRIGHT (Corrections Officer 1) SCI - )
Fayette; C.O. WILLIAMS (Corrections   )
Officer 1) SCI - Fayette,              )
                    Defendants    )  Re Dkt. [13]
```

## **MEMORANDUM ORDER**

Steven Allan Shawley, ("Plaintiff") has filed a motion for reconsideration pursuant to Fed.R.Civ.P. 60(b), Dkt. [13], of this Court's September 2, 2009 order, Dkt. [8], denying him leave to proceed IFP and adopting, over his objections, the Report, Dkt. [2], of Chief Magistrate Judge Hay.

In the motion for reconsideration, Plaintiff seeks to have this court alter or reconsider its order denying him leave to proceed IFP, which we did based on the fact that he has acquired three strikes and his complaint failed to demonstrate imminent risk of serious physical injury as of the date of the filing thereof. In addition to his motion, Dkt. [13], he filed a brief in support, Dkt. [14], and an appendix of evidentiary materials. Dkt. [15].

Plaintiff's filings have not met the standards required to merit the grant of reconsideration of the decision. See, e.g., Berry v. Jacobs IMC, LLC, 99 Fed.Appx. 405, 410 (3d Cir. 2004)

("The standard plaintiff must meet to prevail on a motion for reconsideration is high: a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.")(quoting Max's Seafood Café ex rel. Lou-Ann. Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999) (citation omitted)).

     Plaintiff appears to rely on Fed.R.Civ.P. 60(b)(1), noting his mistake or excusable neglect in not providing to the Court his appendix of exhibits earlier than he did. Dkt. [14] at 3 to 4. Even if the Court considered his motion on the merits, he does not carry his burden to show entitlement to proceed IFP.

     Reviewing the belatedly filed appendix of evidentiary materials, most of the assertions therein simply do not bring him within the imminent risk of serious injury as measured at the time of the filing of the civil action. Abdul-Abkar v. McKelvie, 239 F.3d 307 (3d Cir. 2001) (imminent danger of physical injury must be assessed as of the time of filing the complaint) See, e.g., Dkt. [15-2] at 2, (affidavit of Plaintiff complaining of confiscation of his property, mostly occurring after the filing of this civil action, although one incident occurred on or about 5/15/09). The complaints of property confiscation utterly lack any evidence of physical injury, yet alone imminent risk of serious physical injury. The same may be said of Plaintiff's Declaration for Preliminary Injunction, signed on June 29, 2009, Dkt. [15-2] at 5 to 7, wherein he complains mostly of events of interference with his litigation activities in the form of being denied postage, denied papers, having his mail interfered with, etc.

We note that Plaintiff alleged in his complaint that he is being housed in the SMU/RHU, conditions of which involve an inmate being kept in his single cell for all but one hour a day when he is permitted time to exercise in a cage by himself and to shower in a stall by himself. These conditions, we note mirror the conditions of those kept in administrative segregation for prisoners who seek such for self protection.  See e.g, DC-ADM 802(1)(A).[1]  See also Brown v. Beard, No. Civil Action No. 07-637, 2008 WL 724109, at *1 (W.D.Pa.  Feb. 20, 2008)(civil rights action by an SCI-Fayette inmate wherein the Court noted the following "[t]he RHU, SMU, and LTSU all seriously restrict inmates' ordinary prison privileges. At all three units, residents are typically confined to cells for 23 hours a day, have limited access to the commissary or outside visitors, and (with the exception of some phases of the SMU) may not watch television or listen to the radio.").

The Court will address those allegations that come closest to asserting imminent risk of serious injury.  Plaintiff asserted that three days after June 24, 2009, when he had a phone call with the Pennsylvania Attorney General's office, asking Plaintiff to be a witness in a drug felony case, a fellow prisoner started to call Plaintiff a snitch. Dkt. [15-2] at 6, ¶¶ 9-11. See also Dkt. [15-2] at 10 to 11, ¶¶ 10 to 13.  Plaintiff infers that because only DOC personnel were present at his call with the Pennsylvania Attorney General's office, one of the DOC officers must have labeled Plaintiff a snitch and this places Plaintiff's life in grave danger.  There are several problems with this.  First, imminent risk is measured as of the time of the filing of the complaint,

---

[1] Available at http://www.cor.state.pa.us/standards/lib/standards/DC-ADM_802_Administrative_Custody.pdf

4

Abdul-Akbar v. McKelvie, which in this case was, pursuant to the prisoner mail box rule, June 12, 2009, the date Plaintiff signed his complaint. Hence, the snitch allegations he makes concern actions occurring after June 12, 2009, and so could not be properly considered as part of the complaint without Plaintiff's seeking leave to file a supplemental complaint. Therefore, at the time of the filing of the complaint, the Magistrate Judge was correct that Plaintiff was not in imminent risk of serious physical injury and rightfully recommended denial of the IFP motion.

Furthermore, even if the Court were to consider this new snitch allegation, such would not impel it to grant Plaintiff's IFP motion because such allegations simply fail to carry Plaintiff's burden to show imminent risk of serious physical injury. The Court notes that there is no more secure area in SCI-Fayette than the RHU located in SCI-Fayette or the RHUs located in any other DOC prison. We further note that the RHU is where prisoners go who seek to be protected from other inmates. Daniel v. Chesney, No. Civ.A. 1:CV-04-300, 2005 WL 2674543, at * 1 (M.D.Pa. Oct. 20, 2005)("Plaintiff alleges that during his prior incarceration at SCI-Albion and SCI-Pittsburgh, he was granted 'protective custody' after he believed it was unsafe for him to remain in the general prison population due to his killing of a 'drug dealer/gang member in self-defense on January 6, 2000.' ( Id.) The administrators of SCI-Retreat granted Plaintiff's request and housed him in the RHU, at all times noting that his custody in the RHU was voluntary and that Plaintiff could return to the general population if he wished to do so."). Consequently, assuming that Plaintiff is being labeled a snitch, as he asserts, such cannot pose any risk of imminent danger given the conditions of the RHU and the lack of access that other inmates have to Plaintiff.

Nor do the alleged verbal threats from staff that Plaintiff will never leave the RHU/SMU

constitute imminent risk of serious physical injury. Dkt. [15-2] at 8, ¶ 3. See, e.g., Jones v. Large, No. 7:05-CV-00496, 2005 WL 2218420, at *1 (W.D.Va. Sept. 13, 2005) ("Moreover, he fails to allege facts demonstrating that any of the challenged conditions-verbal threats, . . . -places him at any risk of ever suffering serious physical injury. Therefore, the court concludes that Jones fails to allege facts sufficient to satisfy the 'imminent danger' requirement for in forma pauperis under § 1915(g),").

Plaintiff's insinuation that if this Court does not permit him to proceed, notwithstanding his many strikes, he is defenseless, see, e.g., Dkt. [15-2] at 8, ¶ 6, is unpersuasive for at least two reasons. First, he has access to the State courts, in which, we note, he actively litigates. Second, if he does adequately come within the imminent risk of serious physical injury, he may proceed via a civil rights action in this court as a pauper as to those allegations that place him in such risk. We simply hold that nothing he has alleged in the present suit brings him within this category.

Nor is Plaintiff's allegation that he was spit on and urinated on by another inmate on one occasion as he was in a shower cage on September 13, 2009 demonstrative of imminent risk of serious physical injury. Dkt. [15-2] at 17, ¶ 6. The Court shares the natural disgust one feels at such an incident, but absent some allegation relating this incident to any of the Defendants, and none is made, such simply does not qualify as imminent risk of serious physical injury. And it certainly does not qualify as such serious risk as measured at the time of the filing given that the event occurred long after the filing of the instant action. Nor does Plaintiff being made to stay in an unclean "dry cell" in the medical unit for 9 hours in order to inspect discovery documents in another matter constitute imminent risk of serious physical injury in this Court's estimation. Dkt. [15-2] at 18, ¶ 11.

Nor do the affidavits offered by Plaintiff from other inmates establish the imminence of serious physical injury. For example, although inmate Jacobs attests that staff encouraged inmates to harass Plaintiff, such occurred no later than January 24, 2009, some six months prior to Plaintiff's initiation of the instant case. Dkt. [15-4] at 2 (date of signing of affidavit was 1/24/09). The same is true for all of the other affidavits, the latest of which were signed on February 14, 2009. Moreover, we again note that Plaintiff is in the most secure part of SCI-Fayette, i.e., the RHU, where prisoners seeking self protection request to go because of the lack of contact with other inmates. Hence, he has simply failed to establish the imminent risk of serious physical injury as he is required to do in order to proceed IFP.

Accordingly, in light of the foregoing, the Court **DENIES** Plaintiff's motion for reconsideration and so the Court's prior order denying Plaintiff's IFP motion stands, with one modification. Plaintiff is hereby given until November 1, 2009, in which to pay the entire filing fee. Failure to pay the entire filing fee by November 1, 2009 will result in the dismissal of the case by the undersigned without any other notice than the instant order.

*s/Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

Dated: October 16, 2009

cc:   The Honorable Amy Reynolds Hay

     Steven Allan Shawley
     HV-0077
     SCI Fayette
     Box 9999
     LaBelle, PA 15450-0999